THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY RAY FORD,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. No. 4:25-cv-00098-DN<br><br>District Judge David Nuffer |

This matter arises out of Anthony Ray Ford's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion").[1] After review of the § 2255 Motion, an Order to Show Cause issued directing Mr. Ford to identify by September 18, 2025, "why his § 2255 Motion should not be dismissed as untimely" or "provide a sufficient basis (supported by competent evidence) for the application of equitable tolling to § 2255's one-year limitations period to render his § 2255 Motion timely."[2]

In response to the Order to Show Cause, on September 15, 2025, Mr. Ford timely filed a Memorandum to Show Cause (RE: Dismissal As Untimely) ("Memorandum").[3] A review of Mr. Ford's Memorandum shows that Mr. Ford has mostly argued the constitutionality of his conviction, which is not responsive to the Order to Show Cause.

---

[1] Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody ("§ 2255 Motion"), docket no. 1, filed August 8, 2025.

[2] Order To Show Cause Re: Dismissal As Untimely ("OSC"), docket no. 4, filed August 18, 2025.

[3] Memorandum to Show Cause (RE: Dismissal As Untimely), docket no. 5, filed September 17, 2025.

As explained below, because Mr. Ford does not substantively address the timeliness issues raised in the Order to Show Cause, the § 2255 Motion and Memorandum are DENIED.

## 1   DISCUSSION

As Mr. Ford challenges his conviction through the vehicle of a § 2255 Motion, he must follow the parameters outlined in 28 U.S.C. § 2255. Specifically, § 2255(f) states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[4]

In short, a § 2255 Motion filed three years after conviction, like Mr. Ford's, hits a hard time bar under § 2255(1), unless the § 2255 Motion fits one of the narrow exceptions in § 2255(2)-(4).[5]

Aside from the black letter law of the statute, the Tenth Circuit has recognized "[e]quitable tolling of [§ 2255's one-year] limitations period is available when an inmate diligently pursues [their] claims and demonstrates that the failure to timely file was caused by

---

[4] 28 U.S.C. § 2255(f)

[5] *Id.*

extraordinary circumstances beyond [their] control."[6] So if Mr. Ford couldn't cure his late filing under the statutory language of § 2255(2)-(4), the Tenth Circuit still offered alternate paths to excuse the delay and allow review of Mr. Ford's constitutional claims. With that legal backdrop, the Order to Show Cause was issued.

In the § 2255 Motion, Mr. Ford argues that his conviction should be vacated because of the U.S. Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[7] Before addressing the substance of Mr. Ford's constitutional claims, the Order to Show Cause noted the critical threshold issue: his § 2255 Motion appeared untimely under § 2255(f)'s one-year statute of limitations.[8] The timeline of events was clear:

1. June 21, 2022, Mr. Ford pleaded guilty to one count under 18 U.S.C. § 922(g)(1).[9]

2. June 22, 2022, Judgment was entered against Mr. Ford.[10]

3. June 23, 2022, the U.S. Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[11]

4. August 8, 2025, Mr. Ford filed the § 2255 Motion.[12]

On its face, Mr. Ford's § 2255 Motion was two years late. Furthermore, Mr. Ford pointed to no unconstitutional restraint blocking his investigation; no newly discovered facts he could not have found earlier; and no extraordinary circumstance beyond his control to justify equitable

---

[6] *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (internal quotations omitted).

[7] § 2255 Motion at 4; *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)

[8] OSC at 4-5.

[9] *United States v. Anthony Ray Ford*, 4:21-cr-00062-DN-PK-1, docket no. 57, filed June 22, 2022.

[10] *United States v. Anthony Ray Ford*, 4:21-cr-00062-DN-PK-1, docket no. 60, filed June 22, 2022.

[11] *See generally New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)

[12] *See generally* § 2255 Motion.

tolling.[13] Therefore, the Order to Show Cause was Mr. Ford's opportunity to remedy this timeliness issue and show why an exception should save the § 2255 Motion.

Being two years late demands a convincing exception. Specifically, Mr. Ford had to show "extraordinary circumstances" to excuse the two-year delay in filing his § 2255 Motion. In plain terms, Mr. Ford needed an unusual reason "beyond his control" for being late.[14] Examples from the Tenth Circuit include:

1. when a prisoner is actually innocent;

2. when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing; or

3. when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.[15]

Along with illustrating an extraordinary circumstance, Mr. Ford must show he "diligently pursue[d] his federal habeas claims."[16]

However, Mr. Ford made the same mistake twice. In both his § 2255 Motion and Memorandum, Mr. Ford makes only constitutional arguments leaning on *Bruen*.[17] In his memorandum, Mr. Ford stretches his constitutional arguments to cite out-of-circuit cases; Justice Amy Coney Barrett; and even President James Madison.[18] All that misses the point: those constitutional arguments cannot be reached until Mr. Ford clears the time bar.

---

[13] *Id*.

[14] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000).

[15] *Gabaldon*, 522 F.3d at 1125 (*quoting Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000)).

[16] *Id*.

[17] § 2255 Motion at 5; Memorandum at 3.

[18] Memorandum at 3.

The only nod Mr. Ford makes to § 2255(f)'s deadline is calling *Bruen* and the cases he cites "Newly Discovered Evidence Based on Constitutional Law."[19] However, the Tenth Circuit has made clear, "a claim of insufficient access to relevant law ... is not enough to support equitable tolling."[20] This is particularly true here when *Bruen* was decided *the day after* judgment was entered against Mr. Ford.[21] *Bruen* could have classified as "newly discovered" under the timeline set out in § 2255(1) or § 2255(3) if Mr. Ford had filed by June 2023. Now, in September of 2025, Mr. Ford needs an extraordinary circumstance to clear § 2255's one-year time bar. He has not shown an extraordinary circumstance in either of his filings.

One novel argument raised in the Memorandum is the applicability of President Trump's February 7, 2025, "Executive Order 14206—Protecting Second Amendment Rights" (Executive Order 14206).[22] A plain reading of the Executive Order shows it has no impact on Mr. Ford's case. Executive Order 14206 simply tells the Attorney General to look over federal actions from 2021 to 2025 that might have affected Second Amendment rights and come up with a plan to address them.[23] A directive to investigate does not confer new legal arguments. Something more is needed. This argument is without merit and another independent reason why Mr. Ford's § 2255 Motion and Memorandum are DENIED.

---

[19] § 2255 Motion at 6; Memorandum at 3.

[20] *Gabaldon*, 522 F.3d at 1125 (*quoting Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000))

[21] *United States v. Anthony Ray Ford*, 4:21-cr-00062-DN-PK-1, docket no. 60, filed June 22, 2022; *Bruen*, 597 U.S. at 1.

[22] Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025).

[23] *Id*.

## 2   ORDER

IT IS HEREBY ORDERED that the Motion[24] is DENIED. The Clerk of Court is directed

to CLOSE this action.


Signed September 17, 2025.


BY THE COURT

_____

David Nuffer
United States District Judge

---

[24] *See generally* Motion.