THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY RAY FORD, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER AS TIMELY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** <br><br> Case No. 4:25-cv-00098-DN <br><br> District Judge David Nuffer |

Petitioner Anthony Ray Ford filed a Motion to Reconsider[1] ("Motion") as timely his previous Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[2] ("§ 2255 Motion").

In his § 2255 Motion, Mr. Ford argued his conviction should be vacated based on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[3] The timing, however, presented a problem. *Bruen* was decided on June 23, 2022, one day after judgment was entered against Mr. Ford in his criminal case.[4] § 2255 actions face a strict one-year deadline.[5] Mr. Ford's filing was effectively two years late.

On August 18, 2025, an Order to Show Cause ("OSC") was issued directing Mr. Ford to explain why his § 2255 Motion should not be dismissed as untimely or to provide competent

---

[1] Motion to Reconsider as Timely 2255 Motion ("Motion"), docket no. 8, filed December 8, 2025.

[2] Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody ("§ 2255 Motion"), docket no. 1, filed August 8, 2025.

[3] § 2255 Motion at 4; *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

[4] *United States v. Anthony Ray Ford*, 4:21-cr-00062-DN-PK-1, docket no. 60, filed June 22, 2022.

[5] 28 U.S.C. § 2255(f).

evidence supporting equitable tolling of § 2255's one-year limitations period.[6] Mr. Ford timely responded on September 15, 2025, with a Memorandum to Show Cause.[7]

The Memorandum was largely unresponsive, "mostly making constitutional arguments to cite out-of-circuit cases; Justice Amy Coney Barrett; and even President James Madison."[8] Mr. Ford failed to grasp the threshold issue "those constitutional arguments cannot be reached until Mr. Ford clears the time bar."[9] Finding no reasonable legal argument to overcome the statutory deadline, an order issued on September 17, 2025, denying the § 2255 Motion.[10] Judgment was then entered closing this case.[11]

Now, Mr. Ford moves to reconsider the denial of his § 2255 Motion.[12] He makes four arguments for reconsideration: (1) district courts are instructed to hold "allegations of pro se litigations to a less stringent standard then formal pleading drafted by attorneys";[13] (2) Mr. Ford has been moved to six different facilities during his incarceration and "legal documents were lost or destroyed in the process"; (3) Mr. Ford was in solitary confinement for thirteen months; and (4) Mr. Ford has mental health issues and a learning disability and therefore relies "on other inmates to draft all legal documents for the court."[14]

---

[6] Order To Show Cause Re: Dismissal As Untimely ("OSC"), docket no. 4, filed August 18, 2025.

[7] Memorandum to Show Cause (RE: Dismissal as Untimely), docket no. 5, filed September 17, 2025.

[8] Memorandum Decision and Order Denying Motion to Vacate, Set Aside, Or Correct Sentence, docket no. 8, filed December 8, 2025.

[9] *Id*.

[10] *Id*.

[11] Judgment in a Civil Case, docket no. 7, filed December 8, 2025.

[12] *See generally* Motion.

[13] *Id*. at 1 (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[14] *Id*.

"A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[15] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[16] "A proper motion to reconsider does not simply state facts previously available or make arguments previously made."[17] "[A]rguments raised for the first time in a motion for reconsideration are not properly before the [district] court and generally need not be addressed."[18]

All the arguments Mr. Ford raises are inappropriate on a Motion for Reconsideration. First, while it is true that "[p]ro se litigants do enjoy a more lenient standard"[19] it equally true that "the [c]ourt cannot ignore the law."[20] The Tenth Circuit has acknowledged the many "difficulties [ ] pro se parties face in litigating cases. But pro se litigants must prosecute their cases and follow the court's rules."[21] By raising this argument on a Motion for Reconsideration after being denied for timeliness, Mr. Ford's interpretation of "leniency" for pro se litigants amounts to asking permission to skirt the one-year time bar applied to his § 2255 Motion.[22] Leniency has its limits. One of those limits is an Act of Congress. Congress afforded Mr. Ford the ability to seek relief under 28 U.S.C. § 2255. Congress also imposed a one-year deadline. The same authority that opened the courthouse door set the clock on the lock.

---

[15] *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018).

[16] *Id*. (*citing Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000)).

[17] *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016).

[18] *United States v. Trestyn*, 646 F.3d 732, 742 (10th Cir. 2011).

[19] *Frye v. Raemisch*, 546 F. App'x 777, 785 (10th Cir. 2013).

[20] *Samuels v. Feiner & Trinh Int'l, LLC*, 287 F.R.D. 660, 663 (D. Colo. 2012).

[21] *Tunson-Harrington v. Adams Cnty. Sheriff*, No. 23-1103 at *2 (10th Cir. Sept. 12, 2023).

[22] 28 U.S.C. § 2255(f).

Second, Mr. Ford's remaining arguments are not new facts or newly discovered evidence. These facts were available to Mr. Ford when he filed his § 2255 Motion[23] and his Memorandum[24] yet he failed to raise them. They are circumstances Mr. Ford knew about and could have presented at any point during the proceedings. More specifically, the OSC ordered Mr. Ford to "identify a basis under 28 U.S.C. § 2255(f) for the one- year limitations period on his § 2255 Motion to begin running on a date that would make the August 8, 2025, filing of his § 2255 Motion timely" or "provide a sufficient basis (supported by competent evidence) for the application of equitable tolling to § 2255's one-year limitations period to render his § 2255 Motion timely."[25]

The OSC gave Mr. Ford the opportunity to raise some of what he now alleges on a Motion for Reconsideration. Instead, Mr. Ford responded to the OSC by making constitutional arguments and chose not to mention lost legal documents, solitary confinement, or his learning disability. He had the opportunity to present these facts but did not take it. A motion for reconsideration cannot serve as a second chance to make arguments that should have been made the first time.

For the reasons stated above, the Motion for Reconsideration is DENIED.

Signed December 17, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[23] *See generally* Motion to Reconsider as Timely 2255 Motion ("Motion"), docket no. 8, filed December 8, 2025.

[24] *See generally* Memorandum to Show Cause (RE: Dismissal as Untimely), docket no. 5, filed September 17, 2025.

[25] OSC at 4-5.